[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON MOTION FOR PRODUCTION AND DISCLOSURE
The defendant, GERARD EGAN, filed a Motion for Production and Disclosure in January, 2001. The State filed its objection to the motion and the court heard oral argument on the motion on May 15, 2001. The defendant was arrested on September 2, 1999 in Montville, CT and charged with possession of an assault weapon without certificate of possession in violation of C.G.S. § 53-202c. The defendant seeks production of the identity of the witnesses described in the affidavit in support of the search and seizure warrant issued in this case as Witness #1, Witness #2, and Witness #3. The State opposes the motion on the ground that the public interest in protecting informant information outweighs the interest in disclosure. For the reasons set forth below, the motion is denied.
 FINDINGS OF FACT
The facts relevant to determination of this motion are as follows:
On April 28, 1999, Inspectors of the Division of Criminal Justice assigned to the Judicial District of New London State's Attorney's Office obtained and executed search and seizure warrant for Room 205 marked "High Sheriff Gerard Egan," located on the 2nd floor of the New London Judicial District Courthouse at 70 Huntington Street, New London, CT. As set forth in the arrest warrant application, upon execution of the search and seizure warrant, the inspectors seized an unloaded Ruger Mini 14/5F, .223 caliber, with a folding stock. The weapon is described in the arrest warrant affidavit as a semi-automatic rifle with a folding stock and a cloth belt type sling attached with a five cartridge box style magazine. As set forth in the arrest warrant affidavit, the defendant stated to Senior Inspector Ronald Hart that the weapon was his personal property and not that of the Sheriff's Office. He further stated that he was keeping the weapon in his office for safety purposes as his residence had been broken into in the past and that weapons had been stolen. He stated that he was not aware that he needed a certificate of possession or any other registration documents for the weapon and that he believed he had the authority to possess such a weapon.
 DISCUSSION
The defendant relies primarily on State v. Telesca, 199 Conn. 591
(1986) in support of his request for disclosure of the identities of witnesses 1, 2, and 3 referred to in the affidavit in support of the search and seizure warrant. In Telesca, the defendant sought disclosure of an informant whose information had provided the basis for a wiretap affidavit. The defendant presented a witness whom they believed to have been the informant and who provided a detailed affidavit contrary to the statements attributed to the informant in the affidavit. The case was CT Page 9454 remanded for the State to disclose whether the individual identified by the defendant as the possible informant was in fact the informant in which case the Defendant was entitled to a hearing under Franks v.Delaware, 414 U.S. 154, 155-56 (1978). Telesca, 199 Conn. at 606-08.
Under Roviaro v. United States, 353 U.S. 53 (1957), the Court must balance the public interest in protecting the flow of information to the government against an individual's right to prepare his defense. In performing this function, the Court must look at the particular circumstances of each case, including the nature of the crime charged, possible defenses, the possible significance of an informer's testimony and other factors. Id. at 62.
Here, the Roviaro balancing test weighs against disclosure of the identities of the three witnesses. First, the nature of the crime at issue in this matter weighs against disclosure. The crime is one of possession; specifically, possession of a prohibited assault weapon at a courthouse. As represented by the State, the three individuals described as concerned citizens in the affidavit in support of the search and seizure warrant will not be witnesses at trial. Second, there is a distinction between the type of informant in Roviaro who was a participant in the crime charged, and the witnesses in this case described as concerned citizens. The informant whose identity the government sought to protect in Roviaro had taken a material part in bringing about the defendant's possession of the drugs, had been present with the defendant at the occurrence of the crime and his possible Testimony was highly material in that he was the sole participant, other than the accused, in the transaction charged. He was the only witness who might have testified as to the defendant's knowledge. 353 U.S. at 63-64. Here, there is no claim that any of the three witnesses had any part whatsoever in bringing about the defendant's possession of the assault rifle. And, as the defendant is charged with possession on or about April 28, 1999, as stated earlier, they will not be called as witnesses.
The defendant argues that witnesses 1, 2, and 3 must be members of the Sheriff's Department because those are the only individuals to whom he ever showed the weapon. The argument proceeds that if witnesses 1, 2, and 3 are in fact employees of the New London County Sheriff's Department, then they should not be described as "citizen informers" or concerned citizens entitled to a heightened degree of reliability because certain members of the sheriff's department have been engaged in a bitter dispute with the defendant and have filed complaints and commenced litigation against him. Defendant's Exhibit 1. This argument fails for several reasons.
First, a weapon in the trunk of a vehicle or in an office at a CT Page 9455 courthouse could have been observed by others in addition to those who were specifically shown the weapon by the defendant.
Second, not all employees of the Sheriff's Department have had an adversarial relationship with the former High Sheriff. Even the defendant alleges that only some members of the department had an adversarial relationship with him.
Third, even assuming, arguendo, that the three witnesses are members of the Sheriff's Department, there is nothing in the defendant's affidavit which suggests that the information provided to the investigators was false or misleading. Unlike Telesca, the defendant has not presented any individuals who have come forward indicating that they spoke with investigators and did not make the statements reflected in the affidavit in support of the warrant. Indeed, the defendant puts Forward only his own affidavit to the effect that he showed the weapon only to certain members of the Sheriff's Department and that some members of the New London Sheriff's Department may have had "an agenda, a bias and ulterior motives." Although the defendant's affidavit could be viewed as providing insight as to why certain individuals might have come forward, it does not follow, and the defendant does not assert, that the information given to investigators was false or misleading. Although the defendant claims that any information provided by members of the Sheriff's Department should be subjected to greater scrutiny, he does not allege that it was false or misleading. Further, even assuming the witnesses were members of the Sheriff's Department, this would not preclude their characterization as concerned citizens.
As set forth in Telesca, "[t]he state has a strong public interest in protecting the identity of confidential informants in order to encourage the flow of information necessary in criminal prosecutions."199 Conn. at 606. Under the particular circumstances of this case, including the nature of the crime charged, the possible defenses, and the fact that the defendant makes no showing that the information may have been false or misleading, the court finds that the public's interest in protecting the flow of information to the government outweighs the defendant's interest in disclosure.
For the foregoing reasons, the motion for production and disclosure is DENIED. So Ordered this 12th day of July, 2001.
 ________________ JONGBLOED, JUDGE
CT Page 9456